IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ARMACELL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13cv896 |
| | ) | |
| AEROFLEX USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Motion for Attorneys' Fees [Doc. #32] filed by Defendant Aeroflex USA, Inc. ("Defendant") pursuant to 35 U.S.C.§ 285. Plaintiff Armacell LLC filed a Response [Doc. #39] to the Motion for Attorneys' Fees and Defendant filed a reply [Doc. #42]. For the reasons discussed herein, the Court will deny Defendant's Motion for Attorneys' Fees.

I.  BACKGROUND

The Plaintiff and Defendant in this action are competitors in the field of foam insulation materials for pipes and cables. This dispute involves two patents related to such field. First, is the Plaintiff's United States Patent 6,902,784 (the " '784 Patent"), which was issued on June 7, 2005 and entitled "Composite Pressure Sensitive Insulation Joining Construction." Second, is the later filed United States Patent 13,774,497 (the " '497 Patent") filed by Defendant on February 22, 2013, entitled "Connecting System for Adjacent ends of Insulation Tubing." The '497 was published by the United States Patent and Trademark Office ("PTO") on August 28,

2014, after this action was initiated. Both patents appear to be patents for connector products associated with connecting thermal insulation tubing.

On August 5, 2013, a little over a year prior to the publication of the '497 Patent, Plaintiff wrote a letter to Defendant alleging that Defendant appeared to be marketing a product by the name of Cel-Link II that Plaintiff believed infringed on Plaintiff's '784 Patent. This product would later be determined to be the product associated with the '497 Patent. Plaintiff indicated that its concern over possible infringement related to the fact that in 2010, Defendant previously marketed a product by the name of Cel-Link, which Plaintiff believed also infringed on the '784 Patent. The original Cel-Link product was withdrawn from the market and the patent application from the original Cel-Link product was allegedly abandoned. In the same August 2013 letter, Plaintiff also stated that because the patent application for the original Cel-Link product was abandoned, Defendant appeared to be falsely marketing the Cel-Link II product as "patent-pending." Based on Plaintiff's belief that the Cel-Link II product infringed on the '784 Patent, Plaintiff requested that by August 13, 2013, Defendant provide certain written assurances to Plaintiff. Specifically, Plaintiff requested assurances that Defendant had ceased all manufacturing and sales efforts related to the Cel-Link products or any other thermal insulation tubing that fell within the scope of Plaintiff's '784 Patent.

Based on the Plaintiff's accusations of infringement, Defendant filed a Complaint in the United States District Court for the Eastern District of Tennessee ("Tennessee action") seeking a declaration that the Cel-Link II product did not infringe on Plaintiff's '784 Patent or that the '784 Patent is invalid or unenforceable. Plaintiff, however, then filed this action alleging that the

Cel-Link II product infringed on the '784 Patent. Therefore, the infringement of the '784 Patent was at issue in both actions filed by the parties. Additionally, Plaintiff asserted other claims in this action for false marking, unfair competition and false advertising, and unfair and deceptive trade practices (collectively "false marking claims") based on Defendant's marketing statements for Cel-Link II, which stated that the product was "patent pending." The false marking claims were not present in the Tennessee action filed by Defendant. Defendant's Tennessee action was eventually dismissed in February 2014, as the court in Tennessee declined to exercise jurisdiction over the declaratory judgment action. See Aeroflex USA, Inc. v. Armacell Enterprise GmbH, No. 3:13-CV-485, 2014 WL 652912 (E.D. Tenn. Feb. 20, 2014). In declining to exercise jurisdiction, the Tennessee court noted that Defendant's Tennessee action would not resolve the entirety of the claims between the parties, as the false marking claims would still be at issue in the action before this Court and would not be resolved by the declaratory judgment sought by Defendant in its Tennessee action. Id. at *3–6. Additionally, the Tennessee court found that the factor involving procedural fencing weighed in favor of the court declining to exercise jurisdiction, as it appeared Defendant filed the Tennessee action in an attempt to obtain its choice of forum. Id. at *5.

Between the time that Defendant filed the Tennessee action and Plaintiff filed the action before this Court, counsel for Plaintiff and Defendant engaged in email discussions concerning the patents at issue and the infringement alleged by Plaintiff. Plaintiff stated that the current the action before this Court resulted from Defendant's refusal to engage in substantive discussions concerning the alleged infringement. Additionally, Plaintiff asserted that it did not file thethis

3

action until after it had obtained samples of the Cel-Link II product and had multiple outside patent counsel conduct a thorough infringement analysis of such samples. Plaintiff stated that it also had a legitimate basis for the false marking claims because Plaintiff believed Defendant had previously abandoned the patent application for the original Cel-Link product and Plaintiff was unaware for any pending patent application covering the Cel-Link II product. Thus, if a patent was not pending, Plaintiff asserted that Defendant was engaging in false marking by advertising that there was a patent pending. Plaintiff alleged that it was not until Plaintiff filed this action in October 2013, that Defendant informed Plaintiff that Cel-Link II was in fact covered by a pending unpublished patent application.

In February 2014, Defendant filed a request with the PTO for ex parte reexamination of Plaintiff's '784 Patent. The PTO granted the request and the parties requested a stay of this action based on the PTO's finding that the new prior art submitted by Defendant raised a new question of patentability concerning Plaintiff's '784 Patent. This case was stayed on May 2, 2014. On May 13, 2014, the PTO issued its non-final office action in the reexamination proceeding, rejecting the patentability of the claims of Plaintiff's '784 Patent. The parties then consented to a dismissal of this action with prejudice as to Plaintiff's claims and without prejudice as to Defendant's counterclaims.

Defendant, thereafter, filed the pending Motion for Attorneys' Fees. In its Motion, Defendant argues that it is entitled to attorneys' fees because Defendant was the prevailing party in this matter and this an exceptional case pursuant to 35 U.S.C. § 285. Specifically, Defendant argues that this is an exceptional case because Plaintiff's allegations of patent infringement were

4

baseless because the Cel-Link II product does not meet the claim limitations of Plaintiff's '784 Patent. Additionally, Defendant argues that Plaintiff's assertion of the false marking claims make this an exceptional case because Plaintiff did not have any evidence to support such claims. Plaintiff opposes Defendant's arguments, stating that it acted in good faith as to both the procedure it followed in filing the claims and later dismissing this action, and as to filing the false marking claims against Defendant. For the reasons more fully explained below, the Court will deny Defendant's Motion for Attorneys' Fees.

II. DISCUSSION

Pursuant to 35 U.S.C. § 285, a district court in a patent case may award attorneys' fees to the prevailing party[1] in "exceptional cases." 35 U.S.C. § 285. In the past, absent a finding of sanctionable litigation-related misconduct, a party seeking attorneys' fees under § 285 was tasked with proving both that the litigation was brought in subjective bad faith and that the litigation was objectively baseless. See Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). Recently, the Supreme Court overruled this standard, finding it "overly rigid." Octane Fitness, LLC v. Icon Health & Fitness, Inc.,— U.S. —, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014). Under the newly declared standard for determining what constitutes an exceptional case, the analysis "begins and ends with the text of § 285." Id. As the statute does not define what makes a case exceptional, the ordinary meaning is used. Id. Thus, an

---

[1]The Court notes that, while not contested by Plaintiff, Defendant is in fact the prevailing party despite this case being disposed of pursuant to a voluntary dismissal with prejudice under Rule 41(a)(2) of the Civil Rules of Civil Procedure. See Highway Equip. Co., Inc. v. FECO, Ltd., 469 F.3d 1027, 1035 (Fed. Cir. 2006) (finding that a dismissal pursuant to Rule 41(a)(2) was sufficient to allow a court to entertain a party's motion for attorneys' fees pursuant to § 285).

exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id.

Courts are directed to use their discretion in determining what constitutes an exceptional case on a "case-by-case" basis by "considering the totality of the circumstances." Id. As examples of the circumstances to consider, the Supreme Court cited to its opinion in Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S .Ct. 1023, 127 L. Ed. 2d 455 (1994). In Fogerty, while discussing a similar fee provision in the Copyright Act, the Supreme Court stated that district courts could consider factors that included "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." 510 U.S. at 534; see also Octane Fitness, 134 S. Ct. at 1756 (citing to Fogerty for support and explanation of the standard to be applied to cases pursuant to § 285).

Recently, the Fourth Circuit outlined three distinct situations wherein a court should award attorneys' fees under § 285 based on the holding in Octane Fitness.[2] The Fourth Circuit stated that a district court should award attorneys' fees to the prevailing party,

> when it determines, in light of the totality of the circumstances, that (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based

---

[2] In Georgia-Pacific, the Fourth Circuit was not construing the Supreme Court's holding in Octane Fitness for purposes of § 285. 2015 WL 1404765, at *10. Instead, it was construing the holding for purposes of a dispute concerning attorneys' fees under the Lanham Act for trademarks pursuant to 15 U.S.C. § 1117. Id. The Fourth Circuit, however, noted that the language in § 285 and § 1117 is identical and there is no reason that the same standard should not apply under § 1117. Id.

on the nonprevailing party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deference[.]

Georgia-Pacific Consumer Products LP v. Von Drehel Corp., 781 F.3d 710, 721 (4th Cir. 2015) (citations omitted) (internal quotation marks omitted) (applying the test for awarding attorneys' fees as explained in Octane Fitness).

Defendant argues that this case was an exceptional case because both Plaintiff's infringement claims and Plaintiff's false marking claims were objectively baseless. Thus, Defendant is arguing that this is a situation that fits into the first category of cases, which concern those cases that are frivolous or objectively baseless. The Court will address both the Plaintiff's infringement claims and Plaintiff's false marking claims below in relation to Defendant's arguments that such claims were objectively baseless.

A. Infringement Claims

A finding that a patent infringement case was objectively baseless depends "on 'an objective assessment of the merits' of the challenged claims and defenses." Old Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539, 544 (Fed. Cir. 2011) (quoting iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011). "Unless an argument or claim asserted in the course of litigation is 'so unreasonable that no reasonable litigant could believe it would succeed,' it cannot be deemed objectively baseless for purposes of awarding attorney fees under section 285." Id. (quoting iLOR, LLC, 631 F.3d at 1378) (citing Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH, 524 F.3d 1254, 1260 (Fed. Cir. 2008)).

7

Defendant argues that Plaintiff's infringement claims are objectively baseless because Defendant's Cel-Link II product does not have the requisite characteristics contained in the claims associated with Plaintiff's '784 Patent. Specifically, Defendant asserts that the '784 Patent's claims require the following, which the Cel-Link II product does not contain: (1) a carrier with two sides; (2) two pressure sensitive adhesives; and (3) with respect to Claim 3 of the '784 Patent, a structure including a carrier that is left in the bonded construction as part of the adhesive bonding structure. In response, Plaintiff asserts that Defendant has not provided a claim construction analysis or an element-by-element comparison analysis to support its non-infringement position both literally or through the doctrine of equivalents. Plaintiff asserts that prior to filing this action, its attorneys conducted a thorough and well-reasoned infringement analysis, finding that the Cel-Link II product did infringe on multiple claims of Plaintiff's '784 Patent. Additionally, Plaintiff argues that given Defendant's recently published patent covering the Cel-Link II product, Cel-Link II does have a carrier or scrim with adhesive on both sides. Thus, Plaintiff asserts that Defendant's argument to the contrary is without merit.

Based on the above outlined arguments, Plaintiff and Defendant are at odds concerning whether Cel-Link II includes a carrier with pressure sensitive adhesives that would be encompassed by Plaintiff's '784 Patent claims. In support of their positions, the parties have offered the above conflicting arguments. After a review of the evidence, there appears to be a genuine issue concerning whether there was a possible basis for the infringement claims as asserted by Plaintiff.

In order to resolve a patent infringement dispute, a court "must first interpret the claim and determine the scope and the meaning of the asserted patent claims, and then compare the properly construed claims to the allegedly infringing device." Liquid Dynamics Corp. v. Vaughan Co., 355 F.3d 1361, 1367 (Fed. Cir. 2004). Without conducting a full claim construction analysis in this action, as is required by the first step of resolving a patent infringement case, it would be impossible to determine whether Plaintiff's infringement position concerning Defendant's Cel-Link II product was without merit, as both the arguments and evidence presented by the parties are in conflict. See Eon-Net LP v. Flagstar Bancorp., 653 F.3d 1314, 1329 (Fed. Cir. 2011) (noting the court could not determine whether a plaintiff's claim construction and infringement positions were without merit without a full claim construction analysis). In other words, taking into account all of the evidence before Court, it is not clear that Plaintiff's patent infringement claims were so unreasonable that no reasonable litigant could believe the action would succeed. Furthermore, while it is not required that Defendant also show that this case was brought in subjective bad faith, it is worth noting that no such bad faith was argued on Defendant's behalf. Thus, taking the totality of the circumstances into account, the Court finds that the patent infringement claims do not rise to the required exceptional case standard for purposes of § 285 in order to award Defendant's requested attorneys' fees.

B.  False Marking Claims[3]

Defendant also argues that Plaintiff's false marking claims were objectively baseless, and thus, Defendant should be awarded attorneys' fees pursuant to § 285. Specifically, Defendant asserts that such claims are objectively baseless because without a copy of Defendant's pending patent application, Plaintiff was not in a position to determine whether its false marking claims were valid. Accordingly, Defendant argues that Plaintiff could not have made a reasonable assessment of whether Defendant had a pending patent application prior to filing the Complaint. Additionally, Defendant accuses Plaintiff of filing the false marking claims for the purpose of distinguishing this action from the then pending Tennessee action in order to persuade the Tennessee court to dismiss the Tennessee action in favor of this proceeding.

In response, Plaintiff asserts that its counsel investigated whether any published patent was on file for the Cel-Link II product and found that no such patent was published. Further, counsel's investigation revealed that the previous application covering an earlier Cel-Link product had been abandoned. Plaintiff also asserts that it attempted to engage in substantive conversations with Defendant concerning the Cel-Link II product, indicating that Plaintiff was unaware of any pending patent application, but prior to filing the Complaint Defendant did not

---

[3]In addition to its claims for patent infringement, Plaintiff asserted the following claims arising from alleged false marking: (1) a claim under 35 U.S.C. § 292 for false marking; (2) a claim for unfair competition and false advertising under 15 U.S.C. § 1125(a) and common law; and (3) a claim for unfair and deceptive trade practices under North Carolina statutory law. There is no indication, however, that the attorneys' fees provision, 35 U.S.C. § 285, applies to claims not brought pursuant to the Patent Act, 35 U.S.C. § 1 *et seq.* See 35 U.S.C. § 285. Thus, the fee shifting provision only applies to the false marking claim under 35 U.S.C. § 292. As such, the Court will only address Plaintiff's § 292 false marking claim for purposes of Defendant's Motion for Attorneys' Fees.

identify any pending patent application. Given this background, Plaintiff argues that it had a strong basis for believing that the Cel-Link II product was falsely marked as "patent pending."

The elements of a false marking claim brought pursuant to § 292 are: "(1) marking an unpatented article and (2) intent to deceive the public." Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009) (citation omitted). The Court finds that Plaintiff's claim pursuant to § 292 was not objectively baseless. As stated above, if a claim is not "so unreasonable that no reasonable litigant could believe it would succeed," it is not an objectively baseless claim. iLOR, LLC, 631 F.3d at 1378. Plaintiff's counsel investigated whether a patent existed covering the Cel-Link II product and whether the previous patent covering a prior Cel-Link product had been abandoned. Plaintiff's counsel found that the earlier patent was abandoned and found that there was no published patent covering the Cel-Link II product. Based on this information, counsel for Plaintiff stated in an email to Defendant that Plaintiff's counsel was unaware of any pending patent application covering the Cel-Link II product.

Defendant does not deny that it neglected to inform Plaintiff that a patent application was pending prior to Plaintiff filing this action, but instead, it relies on the fact that it was not required to disclose such information. While Defendant was not required to disclose such information, it does not negate the investigative measures taken by Plaintiff to determine whether a patent covering the Cel-Link II product existed. Accordingly, the Court finds that based on Plaintiff's reasonable investigation and the totality of the circumstances, Plaintiff's false marking claim was not so unreasonable, and such claim does not constitute an exceptional claim for purposes of awarding fee pursuant to § 285.

III.   CONCLUSION

In sum, the Court finds that neither Plaintiff's infringement claims nor Plaintiff's false marking claims were so exceptional in nature to qualify for an award of attorneys' fees pursuant to 35 U.S.C. § 285. Accordingly, the Court will deny Defendant's Motion for Attorneys' Fees.

IT IS THEREFORE ORDERED that the Defendant's Motion for Attorneys' Fees [Doc. #32] is hereby DENIED.

This the 24th day of June, 2015.

/s/ James A. Beaty
United States District Judge